IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELVIA RICO, )
 )
         Plaintiff, )
 )
v. ) No. 05 C 206
 )
SOLO CUP COMPANY, etc., )
 )
         Defendant. )

MEMORANDUM ORDER

Solo Cup Company ("Solo") has filed its Answer and Affirmative Defenses ("ADs") to the Family Medical Leave Act Complaint brought against it by its ex-employee Elvia Rico ("Rico"). This memorandum order is issued sua sponte because some basic flaws in that responsive pleading require correction.

To begin with, Answer ¶¶11, 12 and 20 fail to conform to the requirements imposed by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) to enable a defendant to obtain the benefit of a deemed denial of a plaintiff's allegations--see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Those paragraphs of the Answer are therefore stricken, albeit with leave granted to replead.

As for the ADs, several of them run afoul of the requirements of Rule 8(c) and the caselaw implementing that provision (see App. ¶5 to State Farm), while still others are problematic in other respects. Here are the defects (because the ADS have been repeated verbatim as to each of the Complaint's

three counts, the numbering used hereafter applies throughout):

1. AD 1, which is the equivalent of a Rule 12(b)(6) motion, is stricken. After all, when Rico's allegations are accepted as gospel (as must be done for such a motion), Rico has clearly stated a claim upon which relief can be granted.

2. Various of the purported ADs do not qualify as such because they contravene allegations in the Complaint: ADs 2 (see Complaint ¶12), 3 (see Complaint ¶¶13 and 15) and 8 (see Complaint ¶12). They too are stricken.

3. AD 4 contains the telltale "to the extent" language that is the hallmark of an insufficiently informative AD. If Solo really does assert that any of Rico's claims are time-barred, it must provide chapter and verse--and if not, it must drop AD 4. Accordingly AD 4 is also stricken, but this time with leave granted to reassert the defense if Solo has a good faith basis for doing so.

4. ADs 6 and 7 are also insufficiently informative, even under the notice pleading regime in effect in the federal courts. They too are stricken, once again with leave granted to replead if that can be done appropriately.

Because an amendment to the Answer to cure all of the defects identified here would result in a type of patchwork pleading, the Answer and ADs are stricken in their entirety, with leave granted to file a self-contained Amended Answer and ADs in

this Court's chambers (with a copy sent contemporaneously to Rico's counsel) on or before April 12, 2005. No charge is to be made to Solo by its counsel for the added work and expense incurred in correcting these errors. Solo's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                Milton I. Shadur
                                                Senior United States District Judge

Date: March 30, 2005